(125 App. Div. 607.)

RIKER et al. v. POST.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

BROKERS—RIGHT TO COMMISSIONS—PERFORMANCE OF SERVICES.

Where brokers procured a purchaser ready, able, and willing to purchase on defendant's terms, it was no defense to an action for commissions that the memorandum of sale did not provide for exactly the same interest terms that defendant demanded; plaintiffs having offered at the time to pay the difference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 66, 67.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Albert S. Riker and another, doing business as the Riker-Demarest Company, against Genevieve P. Post. From a Municipal Court judgment for plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George F. Alexander, for appellant.

J. Garfield Moses, for respondents.

WOODWARD, J. This is an action by a broker to recover his commission on producing a purchaser ready, willing, and able to purchase upon the defendant's terms. The defendant authorized the plaintiffs to enter into an agreement for the sale of certain premises for $8,400, the plaintiffs to have as a commission all that they should be able to realize above that figure; the defendant agreeing as to the details of the sale in advance. The plaintiffs procured a purchaser at $8,600, and bring this action to recover the $200.

The only thing suggested in the way of a defense at the time was that the written memorandum of acceptance presented by the plaintiff did not provide for exactly the same interest terms that the defendant demanded; but it is not disputed that plaintiffs offered to have this corrected—offered to pay the difference right then and there—being certain that this was the agreement to which his purchaser had consented. But the defendant declared that this was a technicality which would make it unnecessary to close the deal, and declared the property out of the market. The plaintiffs have a judgment upon this state of facts, and we see no good reason for interfering. There is no doubt of the employment; no doubt that the plaintiff produced a purchaser who was ready, willing, and able to comply with the defendant's terms; and to permit the latter to avoid her obligations upon a mere quibble would be to pervert the ends of justice, rather than promote them.

The judgment appealed from should be affirmed, with costs.

Judgment of the Municipal Court affirmed, with costs. All concur.